## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

JOSE HERNANDEZ-VASQUEZ,

Defendant.

No. 4:17-CR-00175

(Judge Brann)

## MEMORANDUM OPINION

### MARCH 9, 2021

## I.    BACKGROUND

In 2017, Jose Hernandez-Vasquez was indicted for first degree murder, in violation of 18 U.S.C. § 1111.[1] The Government alleges that, in October 2015, while incarcerated at the United States Penitentiary Lewisburg, Hernandez-Vasquez strangled another man to death with a bedsheet.[2]

The Government thereafter filed a motion for a competency evaluation, in accordance with 18 U.S.C. §§ 4241(b), 4247(b), based upon its concerns with Hernandez-Vasquez's competency to stand trial.[3] The Court granted that motion, directed that Hernandez-Vasquez's competency be evaluated, and held a hearing in October 2017 to determine whether Hernandez-Vasquez was competent to stand

---

[1]   Doc. 1.
[2]   *Id.* The Government asserts that the alleged victim, Gerardo Arche-Felix, was Hernandez-Vasquez's cellmate. Doc. 106 at 3.
[3]   Doc. 15.

trial.[4] After conducting the hearing, this Court determined that Hernandez-Vasquez was not competent to stand trial at that time due to mental disease or defect, and the Court therefore committed Hernandez-Vasquez to the custody of the Attorney General of the United States (Attorney General) for evaluation and treatment, pursuant to 18 U.S.C. § 4241(d).[5]

In a report issued in February 2018, Hernandez-Vasquez's treating physician opined that Hernandez-Vasquez's competency could likely be restored, but not without the use of anti-psychotic medication, which Hernandez-Vasquez was refusing. This Court thus scheduled a hearing on the question of whether Hernandez-Vasquez should be forcibly medicated and, after conducting said hearing, the Court concluded that forcible medication was appropriate and directed that Hernandez-Vasquez be committed to the Attorney General's custody for an additional period of six months, during which time Hernandez-Vasquez was to be involuntarily medicated, in accordance with 18 U.S.C. § 4241(d)(2).[6]

A series of forensic update reports issued by Hernandez-Vasquez's treating physician initially noted improvement in Hernandez-Vasquez's condition, and opined that he was likely to be restored to competency in the near future.[7] However, by October 2019—and continuing into late 2020—Hernandez-Vasquez's treating

---

[4] Docs. 17, 25.
[5] Doc. 31.
[6] Docs. 41, 60, 61.
[7] Docs. 66, 67, 73, 74, 78.

physician determined that Hernandez-Vasquez is unlikely to be restored to competency in the foreseeable future.[8] By that time, Hernandez-Vasquez was committed to the Attorney General's custody pursuant to 18 U.S.C. § 4246 after the United States District Court for the Western District of Missouri concluded that Hernandez-Vasquez was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."[9]

In December 2020, Hernandez-Vasquez filed this motion to dismiss the indictment.[10] He argues that, because he is unlikely to be restored to competency in the foreseeable future, continuing to hold him under indictment violates his due process rights, and the indictment should be dismissed because the Government may reinstate the charge at any time in the future, as there is no statute of limitations for murder.[11]

The Government responds that the indictment should not be dismissed for two reasons.[12] First, it argues that 18 U.S.C. § 4241 does not mandate dismissal of the indictment, and Hernandez-Vasquez's due process rights have not been violated since his detention is now governed by § 4246.[13] Second, the Government asserts

---

[8]   *See* Doc. 99.
[9]   18 U.S.C. § 4246(a); Doc. 99 at 1.
[10]  Doc. 102.
[11]  Doc. 103.
[12]  Doc. 106.
[13]  *Id.* at 9-18.

that the decision of whether to prosecute an individual is vested with the Executive Branch and, thus, this Court does not have the power to dismiss the indictment.[14] Having considered the parties' arguments, the Court concludes that § 4241 does not mandate dismissal of the indictment, and Hernandez-Vasquez's due process rights have not been infringed upon. Accordingly, for the following reasons, Hernandez-Vasquez's motion will be denied.

## II.    DISCUSSION

### A.    Whether Section 4241 Mandates Dismissal of the Indictment

Although Hernandez-Vasquez contends that the indictment must be dismissed pursuant to 18 U.S.C. § 4241, that statute does not speak to an underlying indictment. Section 4241 provides that, should a court find a defendant incompetent to proceed to trial, it "shall commit the defendant to the custody of the Attorney General" for four months and, beyond that, for an additional, reasonable period of time if, inter alia, there is a substantial probability that the defendant will be restored to capacity within that period of time.[15] If, at the end of that additional period of time, "it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248."[16] That section, 18 U.S.C. § 4246, provides for potentially

---

[14]   *Id.* at 18-21.
[15]   18 U.S.C. § 4241(d).
[16]   *Id.*

4

indefinite civil commitment if a district court determines that the defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another."[17]

The interplay of these statutes, and their impact on an underlying criminal indictment, was explored by the United States Court of Appeals for the First Circuit in *United States v. Ecker*.[18] There, the court considered whether a "federal indictment against [an individual] must be dismissed because he has been found incompetent to stand trial and, having been found dangerous, has been indefinitely committed to federal custody."[19] The First Circuit determined that the underlying indictment need not be dismissed.[20]

The First Circuit first noted that neither § 4241 nor § 4246 speaks to the resolution of the underlying criminal indictment, and for good reason, as the First Circuit reasoned that Congress undoubtedly "intended to leave the decision about the disposition of pending charges to the case-by-case discretion of the prosecutors."[21] With respect to the defendant's argument that Congress could not have intended for an individual detained under § 4246 to have their liberty restrained by an indictment, the court determined that an individual's liberty in such

---

[17]   18 U.S.C. § 4246(d).
[18]   78 F.3d 726 (1st Cir. 1996)
[19]   *Id.* at 726.
[20]   *Id.*
[21]   *Id.* at 728.

circumstances "is not restricted by the pendency of [an] indictment, but rather by section 4246 (which authorizes his hospitalization)."[22] Moreover, "[i]n an abundance of caution," the First Circuit analyzed the legislative history of the relevant statutes and concluded that said history "contain[ed] nothing that would lead us to conclude that Congress intended the statute to require, *sub silentio,* the dismissal of pending charges."[23]

Finally, the court determined that the refusal to require courts to dismiss the underlying indictment was consistent with United States Supreme Court precedent. The First Circuit observed that, in addressing a prior civil detainment statutory scheme, the Supreme Court "in [*Greenwood v. United States*] stated that 'the pending indictment persists' even after the defendant has been found unlikely to recover competency and has been committed as dangerous."[24] The First Circuit concluded that no changes in the statutory scheme, or any subsequent Supreme Court case, "cast[] doubt on *Greenwood*'s holding that the indictment survives commitment."[25]

The Court finds *Ecker*'s reasoning persuasive. Nothing in either § 4241 or § 4246 dictates—or even indicates—that the Government must dismiss an indictment against a civilly-committed individual who (1) is not likely to regain

---

[22]   *Id.*
[23]   *Id.* at 730.
[24]   *Id.* at 731 (quoting *Greenwood v. United States*, 350 U.S. 366, 375 (1956)).
[25]   *Id.*

competence in the foreseeable future and (2) presents a danger to others should he be released from custody. In the absence of any language in the statute that mandates dismissal, the Court may not engage in "a judicial rewriting of the statute to require dismissal of an indictment that the prosecutor seeks to preserve."[26] This is in accord with every other decision that this Court has located.[27] Accordingly, the Court concludes that dismissal of the indictment is not warranted pursuant to § 4241.

### B. Whether the Indictment or Continued Commitment Violates Hernandez-Vasquez's Due Process Rights

Next, Hernandez-Vasquez asserts that dismissal is warranted based on due process concerns that arise over his potentially indefinite detention and holding a criminal charge against him indefinitely.[28] In *Jackson v. Indiana*, the United States Supreme Court considered a state statute that permitted the indefinite detention of individuals who had been charged with crimes but were found incompetent to stand trial.[29] In considering whether such detention violated an individual's due process rights, the Supreme Court noted that prolonged commitment is only justified if done through statutory schemes that provided courts the opportunity to consider an individual's "insanity," "dangerousness," and "society's interest in his indefinite

---

[26] *Id.* at 729.
[27] *See, e.g.*, *United States v. De Matteis*, No. 5:19-CR-75-AKK-GMB, 2020 WL 4210501, at *3-4 (N.D. Ala. Mar. 2, 2020), *report and recommendation adopted*, No. 5:19-CR-75-AKK-GMB, 2020 WL 4201857 (N.D. Ala. July 22, 2020); *United States v. Reese*, No. CR 18-39, 2018 WL 4854660, at *8 (E.D. Pa. Oct. 5, 2018); *United States v. West*, No. 03-CR-000128WYD, 2007 WL 1851305, at *6-7 (D. Colo. June 26, 2007); *United States v. Peppi*, No. CRIM. 06-157(AET), 2007 WL 674746, at *4 (D.N.J. Feb. 28, 2007).
[28] Doc. 109 at 2-4.
[29] 406 U.S. 715 (1972).

commitment," none of which were considered in that case.[30] Because the lower courts had not considered those issues, the Supreme Court determined that it "need not address these broad questions [of due process] here"[31] since, "[a]t the least, due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed."[32]

The Supreme Court clarified that, where a defendant "is committed solely on account of his incapacity to proceed to trial," and it is determined that "there is [no] substantial probability that he will attain that capacity in the foreseeable future," then "the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant."[33] Notably, the Supreme Court did not address circumstances in which an individual is confined pursuant to such civil commitment proceedings, but stated in dicta that "[d]ismissal of charges against an incompetent accused has usually been thought to be justified on grounds not squarely presented here . . . [such as] the denial of due process inherent in holding pending criminal charges indefinitely over the head of one who will never have a chance to prove his innocence."[34]

Several courts have relied on the dicta contained in *Jackson* to conclude that an individual's prolonged confinement under § 4246, or a pending indictment that is

---

[30] *Id.* at 736.
[31] *Id.* at 737; *see id.* at 737-38.
[32] *Id.* at 738.
[33] *Id.*
[34] *Id.* at 740.

several years old, may violate due process.[35] Some courts have used the potential

minimum or maximum term of imprisonment for the underlying charges as a

benchmark for when continued commitment, or a pending indictment, becomes

presumptively unreasonable and, thus, violative of the defendant's due process

rights.[36] Under this standard, Hernandez-Vasquez's indictment and continued

commitment clearly do not violate his due process rights, as the underlying charge

of murder in the first degree carries a mandatory minimum sentence of life

imprisonment.[37]

However, other courts have noted "that the Constitution itself draws no bright

lines signaling when an incompetent defendant's continued detention to restore

competency becomes unreasonable."[38] Those courts have resisted creating any

presumptive time limits for commitment, and have instead held that:

> In determining what constitutes a constitutionally unreasonable period
> of detention for an incompetent defendant, [courts must] necessarily
> consider the totality of the circumstances, including (1) the length of
> time at issue; (2) the medical assessments of the defendant's ability to
> attain competency; (3) the reason for any delay in helping the defendant
> attain competency; (4) the defendant's assertion of his rights, whether
> as to custody or treatment; and (5) any prejudice to the defendant,
> whether in attaining competency or in proceeding thereafter to trial.[39]

---

[35]   *See, e.g.*, *United States v. West*, No. 03-CR-000128WYD, 2007 WL 1851305, at *7 (D. Colo. June 26, 2007); *United States v. Ecker*, 424 F. Supp. 2d 267, 270 (D. Mass. 2006).

[36]   *See United States v. Ecker*, 30 F.3d 966, 969 (8th Cir. 1994) (citing *United States v. DeBellis,* 649 F.2d 1 (1st Cir. 1981)).

[37]   18 U.S.C. § 1111(b).

[38]   *United States v. Magassouba*, 544 F.3d 387, 416 (2d Cir. 2008) (citing *Jackson*, 406 U.S. at 738).

[39]   *Id.* at 416-17.

The Court finds this to be a reasoned approach to determining whether a pending indictment or continued commitment violates a defendant's due process rights and adopts that balancing test here.

Considering those factors, the Court concludes that Hernandez-Vasquez's due process rights have not been violated by his continued commitment or the pending indictment. As to the length of time at issue, Hernandez-Vasquez has been committed for approximately forty and one-half months, or less than three and one-half years. This is far less than the six years that the defendant had been detained by the time the First Circuit's opinion issued in *Ecker*[40]—indeed, a district court did not find that Ecker's indictment violated the Fifth Amendment until he had been detained under civil commitment for sixteen years.[41] And in *United States v. West*, the district court determined that commitment for a period of three years and eight months did not implicate the defendant's due process rights.[42] Given that Hernandez-Vasquez has been committed for fewer than three and one-half years, this consideration weighs against dismissal of the underlying indictment.[43]

---

[40] *Ecker*, 78 F.3d at 727.
[41] *Ecker*, 424 F. Supp. 2d at 270.
[42] *West*, 2007 WL 1851305, at *7.
[43] Notably, Hernandez-Vasquez's detention is less than the three- and one-half-year commitment deemed unconstitutional in *Jackson*. 406 U.S. at 738-39. Moreover, *Jackson* is distinguishable since it involved commitment without any procedural safeguards that are included in 18 U.S.C. § 4246, and addressed only prolonged confinement of a non-dangerous person, and did not address whether an indictment may persist while an individual is civilly committed.

Second, although Hernandez-Vasquez has been committed for some time, medical professionals initially believed that he could be restored to competency quickly, and only determined approximately one and one-half years ago that he was unlikely to be restored to competency in the foreseeable future. The Court therefore concludes that this factor is neutral.

Third, the record indicates no delay in attempting to restore Hernandez-Vasquez to competency, with the Government quickly seeking—and obtaining—permission to involuntarily medicate Hernandez-Vasquez after he refused treatment. Accordingly, no delay may be viewed as having denied Hernandez-Vasquez due process. Fourth, it was not until four months ago that Hernandez-Vasquez first raised before this Court any issue with his continued commitment or the underlying indictment. Fifth, Hernandez-Vasquez "has not demonstrated any undue prejudice from his confinement, either to his ability to attain competency or to his ability to defend against the charges at trial."[44] Accordingly, based on the totality of the circumstances presented here, the Court cannot conclude that Hernandez-Vasquez's continued civil commitment, or the underlying indictment, violates his due process rights.

Finally, Hernandez-Vasquez asserts that his due process rights are violated because the underlying indictment makes it impossible to return him to state custody,

---

[44] *Magassouba*, 544 F.3d at 419.

as is contemplated by 18 U.S.C. § 4246(d).[45] This issue was raised before the First Circuit in *Ecker*, and that court disposed of the argument in compelling fashion. There, the defendant noted that "section 4246 requires the Attorney General to 'make all reasonable efforts' to place [defendants] in a state institution, but the United States Attorney in Massachusetts is preventing that placement by not dropping the indictment" and argued "that 'the continued validity of the indictment interferes with defendant's statutory right to state placement.'"[46] The First Circuit concluded that the defendant's

> argument invites a number of obvious rejoinders. First, the government has the discretion to solve the dilemma by dismissing the charges. Second, the Attorney General is only required to make "reasonable efforts" to place [defendants] in state care. The Massachusetts policy denying placement of persons under federal indictment prevents [this defendant's] placement, and we would not conclude (nor does [the defendant] argue) that it is "unreasonable" not to drop the charges in order to facilitate placement. Third, while the statute imposes a duty on the Attorney General to attempt to place [defendants] with the state, we do not conclude that it endows [defendants] with a "right" to state placement.[47]

Here too, the Court concludes that § 4246—which only mandates that the Attorney General "make all reasonable efforts" to cause a state to assume custody of Hernandez-Vasquez—does not endow him with a right to placement with the state. Accordingly, he has no liberty interest in placement with the State of Missouri, and the pending indictment does not violate his due process rights.

---

[45] Doc. 109 at 6.
[46] *Ecker*, 78 F.3d at 730.
[47] *Id.* at 730-31.

III.    **CONCLUSION**

For the foregoing reasons, the Court concludes that neither the underlying indictment nor Hernandez-Vasquez's continued detention violates his due process rights. Accordingly, Hernandez-Vasquez's motion to dismiss the indictment will be denied.

An appropriate Order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge